PER CURIAM.
Progressive American Insurance Company (“Progressive”) appeals a final summary judgment in favor of John and Judy Grossi. The underlying dispute involves Progressive’s denial of the Grossis’ claim for uninsured/underinsured motorist *791 (“U.M.”) coverage following an automobile accident. John Grossi was the named insured and Judy Grossi was an additional driver under the policy. While the policy was in effect, over a three-year period, Judy Grossi made numerous coverage modifications to the policy, and John Gros-si reaped the benefits of those modifications with reduced premiums. After each change was made, John Grossi was sent a policy declaration reflecting the changes. He never challenged the authority of his wife to make any of the changes. One of the latest modifications was Judy Grossi’s rejection of U.M. coverage.
Essentially, this dispute centers on Judy Grossi’s authority to reject that coverage. Progressive argues that Judy Grossi acted as either her husband’s actual or apparent agent and, as an agent, had the authority to reject the U.M. coverage. In response, the Grossis argue, inter alia, that only John Grossi, as the named insured, could reject U.M. coverage and that Judy Grossi lacked actual or apparent authority to reject the coverage. We disagree that John Grossi could not reject U.M. coverage through an agent, specifically his wife. Ample evidence supports Progressive’s contention that Judy Grossi acted as her husband’s agent in modifying the coverage of the policy. At the very least, there are disputed issues of material fact.
REVERSED AND REMANDED.
TORPY, C.J., LAWSON and COHEN, JJ., concur.